UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ALFRED G. HENRY,                                             :
                                                             :
                        Plaintiff,                :
                                                             :
                                                             :     **MEMORANDUM AND ORDER**
               -against-                      :
                                                             :     15 Civ. 4030 (DLI) (VMS)
DEPARTMENT OF VETERANS AFFAIRS,                              :
ROBERT A. MCDONALD, SECRETARY, A.                            :
WOLKIN, M.D., DAVID MATALON, M.D.,                           :
REGINA PIERCE, KYONGHEE HANSON,                              :
YASMEEN BENJAMIN, AND RAYAN GILL,                            :
                                                             :
                        Defendants.               :
------------------------------------------------------------ x

**VERA M. SCANLON, United States Magistrate Judge:**

      Currently pending before the Court is pro se Plaintiff Alfred Henry's ("Plaintiff") motion for reconsideration of the Court's December 30, 2015 Order ("12/30/2015 Order") denying Plaintiff's motion for the Court to request pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). See ECF No. 15. For the reasons stated herein, Plaintiff's motion for reconsideration is **denied**.

**I.    BACKGROUND**

    **a.    Factual Background**

      The Court presumes familiarity with the facts of this case, which are detailed at length in the Court's 12/30/2015 Order. Briefly, on June 24, 2015, Plaintiff commenced this action against, inter alia, the Department of Veteran's Affairs ("DVA") alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. See generally Complaint, ECF No. 1. Plaintiff was employed by the DVA as a medical assistance clerk from November 2012 to October 2013. Id. at p. 5, 14, 19. In sum, Plaintiff alleges that his employment at the

1

DVA was improperly terminated on the basis of his race, national origin and disability.  Id. at p. 3.

### b.   Procedural Background

Several months after Plaintiff filed this action, but before this Court held an initial conference in the matter, Plaintiff moved for the appointment of counsel.  See ECF No. 9.  On December 30, 2015, the Court denied Plaintiff's motion.  See ECF No. 15.  The Court's 12/30/2015 Order described in detail some of the deficiencies in Plainitff's claims.  Id.

Since the denial of his motion for the appointment of counsel, Plaintiff has litigated his case pro se, having attended several conferences, see 2/23/2016 & 4/15/2016 Minute Entries, and apparently having made attempts to engage in discovery, see Pl's Motion, at p. 14-16.  On April 14, 2016, Defendants moved to dismiss certain claims based on a lack of jurisdiction, see ECF Nos. 20-22, to which Plaintiff filed an extensive opposition, see ECF No. 25.  Defendants' partial motion to dismiss is pending, but Plaintiff has now filed the current motion seeking reconsideration of the Court's 12/30/2015 Order related to his motion for the appointment of counsel.  See ECF No. 26.

## II.   DISCUSSION

### a.   Applicable Law

Local Rule 6.3 provides that within 14 days of the entry of an order, a party may move for reconsideration identifying "the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civil Rule 6.3.  "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted).  "To these ends, a request for

reconsideration under Local Rule 6.3 must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." NEM Re Receivables, LLC v. Fortress Re, Inc., 15 Civ. 3875 (VM) 2016 U.S. Dist. LEXIS 61639, at *4 (S.D.N.Y. May 5, 2016) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

A party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." Local Rule 6.3; Medoy v. Warnaco Emp. Long Term Disability Ins. Plan, 97 Civ. 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."). "Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." George v. Kings County Hosp. Ctr., 11 Civ. 5543 (JS) (WDW), 2013 U.S. Dist. LEXIS 70353, at *3 (E.D.N.Y. May 17, 2013) (citing United States v. Gross, 98 CR 159 (SJ), 2002 U.S. Dist. LEXIS 28159, at *9 (E.D.N.Y. Dec. 5, 2002)) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."); Goonan v. Fed. Reserve Bank of N.Y., 12 Civ. 3859 (JPO), 2013 U.S. Dist. LEXIS 49729, at *4 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").

      **b.**    **Analysis**

As an initial matter, Plaintiff's motion is time-barred. Because the Court issued its original decision on December 30, 2015, Plaintiff's deadline to move for reconsideration was January 13, 2016. See Local Rule 6.3. Plaintiff's motion, which is dated May 25, 2016, and was

filed on May 26, 2016, see ECF No. 26, exceeds the 14-day time limit by approximately 4 ½ months, warranting denial of Plaintiff's motion on this basis alone.

Even if it was not time-barred, Plaintiff's motion for reconsideration is without merit. When deciding whether to assign counsel pursuant to 28 U.S.C. § 1915(e)(1), as a threshold requirement, the Court must inquire as to whether there is substance to the litigant's position. See 12/30/2015 Order, p. 6. As the 12/30/2015 Order explained in detail, the allegations contained in Plaintiff's Complaint are insufficient to show a likelihood of merit on any of his claims at this time, and thus, lack substance. Plaintiff does not point to any controlling decisions or evidence that this Court overlooked or should otherwise alter this Court's prior analysis. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003) (affirming district court's decision to deny appointment of counsel because Title VII claims were not likely to be of substance); George, 2013 U.S. Dist. LEXIS 70353, at *5-6 (denying plaintiff's motion for reconsideration of motion to appoint counsel because his ADA claims were not likely of substance). Instead, Plaintiff essentially rehashes the same claims and assertions made in his original motion for the appointment of counsel, as well as his Complaint.

Moreover, despite Plaintiff's effort to discuss in greater detail the medical issues he purportedly suffers from and, ostensibly, the effect he believes these issues have on his ability to prosecute this matter, "a party may not advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration." National Union Fire Insurance Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001); see Jackson v. Portuondo, 01 Civ. 379, 2006 U.S. Dist. LEXIS 65199, at *2 (N.D.N.Y. Sept. 13, 2006) ("The fact that plaintiff may be somewhat limited and/or restricted in his ability to litigate does not itself entitle plaintiff to the appointment of counsel.")

Accordingly, the Court finds that Plaintiff fails to demonstrate that reconsideration is warranted and, thus, Plaintiff's request for reconsideration of this Court's 12/30/2015 Order denying his motion for the appointment of counsel is denied in its entirety.

### III. CONCLUSION

Plaintiff's motion for reconsideration of the Court's 12/30/2015 Order denying Plaintiff's motion for the Court to request pro bono counsel is **denied** for the reasons stated herein. A copy of this Order will be filed on ECF and mailed to Plaintiff at his address as reflected on the docket.

Dated: Brooklyn, New York
June 2, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge